Age Group, Ltd. v Martha Stewart Living Omnimedia, Inc. (2018 NY Slip Op 02551)





Age Group, Ltd. v Martha Stewart Living Omnimedia, Inc.


2018 NY Slip Op 02551


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


653408/13 6263 6264

[*1] Age Group, Ltd., Plaintiff-Respondent,
v
Martha Stewart Living Omnimedia, Inc., Defendant-Appellant.


Greenspoon Marder, P.A. P.C., New York (Wendy Michael of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Thomas J. Amburgy of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 3, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 27, 2017, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
The motion court correctly found that plaintiff may recover lost profits, since plaintiff submitted evidence supporting its claim that such damages were caused by defendant's alleged breach of the parties' contract, are capable of proof with reasonable certainty, and were fairly within the contemplation of the parties at the time the contract was made (see Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]; Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799 [2014]). It is for a jury to determine whether plaintiff's expert's analysis of damages was flawed (see Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 87 [1st Dept 2012]).
The court correctly found that issues of fact exist as to whether defendant breached the agreement by saying that it would not approve any new designs. While defendant was permitted to refuse any design on subjective grounds such as personal taste and sensibilities, it was nevertheless obligated to exercise its refusal in good faith, based on dissatisfaction genuinely and honestly arrived at (see Golden v Worldvision Enters., 133 AD2d 50 [1st Dept 1987], lv denied 71 NY2d 804 [1988]; see also Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 302 [1st Dept 2003] ["even an explicitly discretionary contractual right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement"]). The
examination of such a state of mind is for a jury (see Credit Suisse First Boston v Utrecht-America Fin. Co., 80 AD3d 485, 487 [1st Dept 2011]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK